MARK SPIEGEL REALTY CORPORATION, Plaintiff, *v.* THE GOTHAM NATIONAL BANK OF NEW YORK, Defendant.

Supreme Court, New York Special Term, August (Received October, 1923).

Banking — when maker of check cannot be charged with responsibility for knowledge of payee's signature — motion for summary judgment granted in action to recover amount of three checks where payee's name has been forged.

Ordinarily the maker of a check cannot be charged with any responsibility for knowledge of the signature of the payee.

Upon plaintiff's motion for summary judgment in an action to recover the amount of three checks drawn by plaintiff upon the defendant bank, in which it was a depositor, payable to the attorneys of the landlord of plaintiff for rent, it was made to appear that the indorsement of the payee's name on the check had been forged by plaintiff's vice-president, who deposited the same to his personal account in another bank which in turn charged the same to plaintiff. The main defense relied on was the alleged negligence of plaintiff in not discovering the forgeries earlier than it did and in not notifying defendant thereof with the implied possibility of defendant thereby recouping a part of the loss. *Held*, that the motion will be granted.

A further defense to the effect that the guilty vice-president paid part of the amount of one of the checks to the attorneys of plaintiff's landlord was clearly insufficient.

Motion for summary judgment.

*Edward E. McCall*, for plaintiff.

*Wilder, Ewen & Patterson*, for defendant.

Bijur, J. This is a motion under rule 113 of the Rules of Civil Practice for summary judgment. Plaintiff, a depositor in defendant's bank, sues to recover the amount of three checks drawn by it upon the bank payable to the attorneys of plaintiff's landlord for rent of the premises occupied by it. The indorsement of the payee's name on the checks was forged by plaintiff's vice-president, who deposited the same to his personal account in the Bank of America. The latter credited the amount to the vice-president's account and transmitted the checks with the " indorsement guaranteed " to the defendant, which in turn charged the same to plaintiff. The main defense relied on is that plaintiff was negligent in not discovering the forgeries earlier than it did and in not notifying the defendant thereof with the implied possibility of defendant thereby recouping a part of the loss. There is a further defense to the effect that the guilty vice-president paid part of the amount of one of the checks to the attorneys of the landlord. The claim of plaintiff's negligence is based upon the contention that it did not conduct its business properly and exercise sufficient supervision over the same, otherwise it would have learned that the landlord's attorneys had not acknowledged receipt of the checks, although it had been their custom to do so in the past, and that, indeed, it failed to note that these attorneys had written a number of letters giving notice of the non-payment of these very items. It is not urged that plaintiff had any actual knowledge of the potential or actual dishonesty of its vice-president, nor is it questioned that the vice-president was in active charge of all the business of plaintiff, and in that capacity received the notices in question and actually suppressed the same as part of his scheme of wrongdoing. On the other hand, it is shown that plaintiff had periodic audits of its account made, but that these did not disclose the facts which gave rise to the present action. The duty of a depositor to examine checks drawn by him upon his own bank upon their return with a statement of account from the latter has been the subject of repeated adjudications by the courts, and the responsibility of the depositor in that regard, so far as forgery of his signature or raising of the amount or other alteration in the check is concerned, has apparently been increased by the course of adjudication from *Weiser* v. *Denison*, 10 N. Y. 68; *Frank* v. *Chemical Nat. Bank of N. Y.*, 84 id. 209, in which Judge Andrews speaks of it as the " alleged duty," through *Critten* v. *Chemical*

*Nat. Bank,* 171 id. 219, and the comparatively very recent case of *Morgan* v. *U. S. Mort. & Trust Co.,* 208 id. 218. In the latter cases, however, as also in *Leather Mfrs. Bank* v. *Morgan,* 117 U. S. 96, while the depositor is held to stricter accountability it is recognized that his responsibility for failure to discover the wrongdoing is not absolute. But the precise limitations of the rule need not be discussed, because the doctrine is wholly unrelated to a case of the kind here presented, where not the maker's name, but the payee's was forged. In one of the leading New York cases (*Shipman* v. *Bank of State of N. Y.,* 126 N. Y. 318) the court, at page 329, expressly recognized that the maker of a check cannot ordinarily be charged with any responsibility for knowledge of the signature of the payee. That rule is also clearly recognized and the subject fully discussed in the very recent case of *Prudential Ins. Co.* v. *Nat. Bank of Commerce,* 227 N. Y. 510, 521, 522. Indeed, I do not understand defendant to even claim that there was any negligence in this respect on the part of the plaintiff. Defendant's position, as I understand it, is that if plaintiff had exercised a more careful supervision over its affairs by persons other than its vice-president it would have discovered the latter's wrongdoing. But I know of no reason, nor is any suggested, why plaintiff should not have trusted the vice-president implicitly; nor is it claimed that it is negligence to make a mistake as to the character or integrity of an officer or employee. To my mind this is a complete answer to the vague charges of negligence. But assuming that some concrete element of negligence were set forth it would be wholly unrelated to the act of the defendant in accepting and paying a check upon which the name of the payee had been forged. This aspect of the case is fully discussed in *People's Trust Co.* v. *Smith,* 215 N. Y. 488, and *Knox* v. *Eden Musee Co.,* 148 id. 441, and touched upon in *Welsh* v. *German-Am. Bank,* 73 id. 424, 429, 430. Indeed, were negligence so wholly unrelated to the actual transaction in suit or to any duty to the public (to quote the language of Cardozo, J., in *People's Trust Co.* v. *Smith, supra*) to form the basis of either a defense or a cause of action, it would seem quite plausible in the instant case that plaintiff would have, as it suggests, an action for its entire losses against the defendant or the Bank of America for its apparent negligence in honoring indorsements which on their face appear to be different, although pretended to be signed by the same person, and in accepting a deposit from a depositor by way of a check indorsed solely by the payee, a party other than the depositor himself. This suggestion is not made as a serious claim, but solely to illustrate the remoteness of the alleged negligence from the transaction at issue and the

danger involved in predicating a cause of action upon so tenuous a relation between cause and effect. The insufficiency as a defense of the mere allegation that the defaulter made a part payment of some of the rent due is pointed out in the *Shipman Case, supra,* in language which applies almost verbatim to the present case. Motion granted, with ten dollars costs. Settle order on notice.

Ordered accordingly.